| | |
|---|---|
| Beatrice Dockery, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21904-Civ-Scola |
| | ) |
| Hartford Insurance Company of the | ) |
| Midwest, Defendant. | ) |

### Order Severing, Remanding, and Requiring Amended Notice

Defendant Hartford Insurance Company of the Midwest seeks to simultaneously remove two separate, albeit related, state-court cases filed against it by Plaintiff Beatrice Dockery. In doing so, Hartford, without providing any support, has unilaterally consolidated Dockery's two cases into this one federal case. This is improper.

One of the cases Hartford consolidated into its removal notice appears to satisfy the jurisdictional amount; one does not. Regarding case number 2019 008776 CA 01, Hartford submits evidence that the amount in controversy is $81,167.12, exceeding the jurisdictional amount threshold. With respect to case number 2019 008778 CA 01, however, Hartford points to an estimate that reflects only $35,815.84 in controversy. Without more, this clearly falls short of the jurisdictional amount. To get around the shortcoming of the jurisdictional amount in the -8878 case, Hartford, apparently, sought to consolidate it with the -8876 case. The Court is aware of no procedural mechanism in either state or federal court whereby a defendant can unilaterally, without court intervention, consolidate two cases—even if they have many aspects in common.

Hartford states definitively that the amount in controversy of the -8778 case is $35,815.84. Because this is well below the jurisdictional-amount threshold, the Court is without jurisdiction to hear this case. The Court therefore severs the -8778 case and remands it back to state court. If Hartford would like to try consolidating the two cases, it may move to have the -8876 case remanded back state court as well and seek whatever relief may be appropriate in that court thereafter.

If, on the other hand, Hartford would like to keep the -8876 in federal court, while the -8878 case proceeds in state court, it must, in any event, amend its notice of removal because it has not properly alleged Dockery's citizenship. Under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011)

("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Here, Hartford says it believes Dockery "is [a] Florida resident." (Def.'s Not. ¶ 11, ECF No. 1, 3.) This is insufficient to establish Dockery's citizenship for the purposes of removal.

Another problem is that Hartford alleges Dockery's residency only "upon information and belief." (*Id.*) Hartford's belief as to Dockery's citizenship does not qualify as a "fact" establishing jurisdiction. Instead, it relays, at most, Hartford's mere unverified contention which is insufficient to satisfy the Court that the requirements of diversity jurisdiction have been met. *See generally*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (reminding district courts that they must "make sure parties satisfy the requirements of diversity jurisdiction [and] be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century"). A party's citizenship must be asserted without qualification.

To summarize:
(1) the Court **severs** the removed case bearing the state court number **2019 008778 CA 1** from this federal case;
(2) the Court **remands** this **severed case** back to state court, directing the Clerk to take all necessary steps to ensure its prompt remand and the transfer of the portion of the file relating to the severed case to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County; and
(3) With respect to the removed case, **2019 008776 CA 01**, which appears to satisfy the Court's jurisdictional amount, the Court orders Hartford to file an amended notice of removal which adequately alleges federal-subject-matter jurisdiction, as described above, by noon on **May 31, 2019**. If Hartford fails to file an amended notice by that date and time or the notice fails to provide the facts necessary to establish jurisdiction, this Court will remand this case back to state court due to a lack of subject-matter jurisdiction.

**Done and ordered**, at Miami, Florida, on May 24, 2019.

Robert N. Scola, Jr.
United States District Judge