United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Beatrice Dockery, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21904-Civ-Scola |
| Hartford Insurance Company of the Midwest, Defendant. | ) |

## **Order Remanding Case**

Defendant Hartford Insurance Company of the Midwest initially sought to simultaneously remove two separate, albeit related, state-court cases filed against it by Plaintiff Beatrice Dockery. In doing so, Hartford, without providing any support, attempted to unilaterally consolidate Dockery's two cases into this one federal case. In noting the impropriety of Hartford's "consolidated removal," the Court remanded one of the cases because the allegations in Hartford's notice of removal definitively established that the amount in controversy in that case—$35,815.84—was well short of the jurisdictional amount (Def.'s Pet. for Removal ¶ 6, ECF No. 1, 2.)

At the same time, the Court advised Hartford of shortcomings with respect to its citizenship allegations as to the other case it had removed. In particular, the Court pointed out that alleging a party's residency, as opposed to her citizenship, is inadequate for the purposes of establishing diversity jurisdiction. (Order Severing, ECF No. 8, 2.) Furthermore, the Court instructed, citizenship allegations cannot be stated only "upon information and belief." (*Id.*)

Hartford's initial allegations of Dockery's citizenship read as follows: "Upon information and belief, Plaintiff was and is [a] Florida resident at all times material to the action." (Def.'s Pet. for Removal ¶ 11, ECF No. 1, 3.) Hartford's "amended" allegations regarding Dockery's citizenship are, perplexingly, exactly the same. Hartford has thus utterly failed to comply with the Court's order. The Court forewarned Hartford that if it failed "to provide the facts necessary to establish jurisdiction, the Court will remand this case." (Order at 2.) Inexplicably, it appears Hartford did not even attempt to supply the necessary facts.

The Court therefore **remands** this case (bearing Case No. 2019 008776 CA 01) back to state court because Hartford has failed to properly set forth this Court's subject-matter jurisdiction. The Court directs the Clerk to take all necessary steps to ensure this case's prompt remand and the transfer of the file to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County.

The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on June 3, 2019.

_____
Robert N. Scola, Jr.
United States District Judge