United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Beatrice Dockery, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21904-Civ-Scola |
| | ) |
| Hartford Insurance Company of the Midwest, Defendant. | ) |
| | ) |

## Order Striking Motion

Defendant Hartford Insurance Company of the Midwest initially sought to simultaneously remove two separate, albeit related, state-court cases filed against it by Plaintiff Beatrice Dockery. In doing so, Hartford, without providing any support, attempted to unilaterally consolidate Dockery's two cases into this one federal case. In noting the impropriety of Hartford's "consolidated removal," the Court remanded one of the cases because the allegations in Hartford's notice of removal definitively established that the amount in controversy in that case—$35,815.84—was well short of the jurisdictional amount (Def.'s Pet. for Removal ¶ 6, ECF No. 1, 2.)

At the same time, the Court advised Hartford of shortcomings with respect to its citizenship allegations as to the other case it had removed. In particular, the Court pointed out that alleging a party's residency, as opposed to her citizenship, is inadequate for the purposes of establishing diversity jurisdiction. (Order Severing, ECF No. 8, 2.) Furthermore, the Court instructed, citizenship allegations cannot be stated only "upon information and belief." (*Id.*)

In response, Hartford submitted an amended notice of removal—but with the exact same deficient citizenship allegations. Because the Court was unable to assure itself that it had subject-matter jurisdiction over this case—even after affording Hartford a second opportunity, with clear instructions, to do so—the Court remanded it. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Shortly thereafter, Hartford asked the Court to reconsider its remand of the second case. (Def.'s Mot., ECF No. 13.) The Court is without jurisdiction to do so. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 (11th Cir. 2011) ("[E]ven if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case."). "The case has been removed to state court and that is where it will stay." *Id.*; *Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)

("Unquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order.") (quoting *Three J Farms, Inc. v. Alton Box Board Co.,* 609 F.2d 112 (4th Cir.1979), *cert. denied,* 445 U.S. 911 (1980) (alterations omitted)). Because Hartford's motion is not properly before the Court, the Court **strikes** it (**ECF No. 13**) from the docket.

As an aside, the Court notes that ambiguous and defective notices of removal like the ones filed in this case disrupt both the state- and federal-court system. Hartford's careless removal of two state-court cases deprived the state court of jurisdiction while this Court devoted its own resources to addressing the shortcomings in its notices. Then, as if this were not bad enough, Hartford prolonged the disruption by failing to cure such defects after the Court took the time to tell Hartford exactly how to fix its notice and offered it a second bite at the apple.

As previously explained, the Court's remand order is unreviewable and is to remain undisturbed.

**Done and ordered**, at Miami, Florida, on June 5, 2019.

_____
Robert N. Scola, Jr.
United States District Judge